# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

JACQUELYN DONALD,     *

                       *

    Plaintiff,       *     CIVIL ACTION FILE NO.

                       *

v.                    *

                       *

SHERIFF CLARK MILLSAP, in  *
Official Capacity AND GREGORY *
JARROD ALLEN, in his Individual*
Capacity,          *

                       *

    Defendants.     *

## COMPLAINT

COMES NOW the Plaintiff and files this Complaint against the Defendants, showing the Court as follows:

## INTRODUCTION

1.

This is a civil rights action in which the plaintiff, JACQUELYN DONALD, seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, of rights secured by the Eighth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of Georgia. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs,

1

interest and attorneys' fees, and other and further relief as this Court deems just and equitable.

## JURISDICTION

2.

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.

Jurisdiction is also invoked herein pursuant to the Fourth, Eight and Fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983.

4.

The plaintiff requests that this Court exercise supplemental jurisdiction over any state court cause of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. 28 U.S.C. § 1367.

## JURY TRIAL DEMAND

5.

Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

6.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in Bartow County, Georgia, which is situated within the district and divisional boundaries of the Rome Division of the Northern District of Georgia, and because one or more of the Defendants is domiciled within said District and Division.

## PARTIES

7.

Paragraphs 1 thru 7 are hereby incorporated herein by reference.

8.

Plaintiff Jacquelyn Donald (herein after "Plaintiff") is a citizen of the United States and a resident of the State of Tennessee who has the capacity to bring this action.

9.

Defendant Gregory Jarrod Allen (herein after "Defendant Allen") is an individual who was, at all times relevant herein, a deputy sheriff and civilian employed by the Bartow County Sheriff's Office who acted within the scope of his employment and pursuant to the policies and procedures of the Bartow County Sheriff's Office as established by its Sheriff of Bartow County, Georgia, who may

be served by mail pursuant to F.R.C.P. 4(d), and who is subject to the jurisdiction of this Court. This defendant is being sued individually and not in his official capacity.

10.

At all times relevant herein, Defendant Clark Millsap (herein after "Defendant Sheriff") was the duly elected Sheriff of Bartow County, Georgia, who may be served at 104 Zena Drive, Cartersville, Georgia 30121, and who is subject to the jurisdiction of this Court.

11.

Defendants have waived any defense of sovereign immunity by the purchase of liability insurance or otherwise.

12.

At all times relevant herein, the above-named Defendants acted under color of state law and on behalf of the Bartow County Sheriff's Office, Georgia.

**FACTUAL ALLEGATIONS**

13.

Paragraphs 1 thru 13 are hereby incorporated herein by reference.

14.

Between May 6, 2022, and August 31, 2022, Defendant Allen was employed as a deputy sheriff or civilian employee with the Bartow County Sheriff's Office.

15.

Between May 6, 2022, and August 31, 2022, Plaintiff was incarcerated at the Bartow County Jail, located at 104 Zena Drive, Carterville, Bartow County, Georgia.

16.

Between May 6, 2022, and August 31, 2022, Plaintiff was under the care, custody, and control of the Defendant Sheriff and his employees.

17.

Between May 6, 2022, and August 31, 2022, Defendant Allen was responsible for the care, custody and control of the Plaintiff.

18.

Between May 6, 2022, and August 31, 2022, Defendant Allen sexually assaulted the Plaintiff on multiple occasions.

19.

Between May 6, 2022, and August 31, 2022, Defendant Allen, while on duty with the Bartow County Sheriff's Office, prepared an area within the Bartow County Jail, free of cameras, in which he would take the Plaintiff, an inmate, for the sole purpose of sexually assaulting her.

20.

Between May 6, 2022, and August 31, 2022, Defendant Allen used his supervisory status with the Bartow County Sheriff's Office to coerce the Plaintiff into performing sex acts with Defendant Allen.

21.

The Bartow County Sheriff's Office had knowledge of Defendant Allen's behavior of sexually assaulting inmates at the Bartow County Jail.

22.

With this knowledge, Defendant Allen remained employed with the Defendant Sheriff.

23.

Plaintiff suffered significant emotional distress over having lost her faith in law enforcement officers, worried about being assaulted again and having been embarrassed.

## COUNT ONE-VIOLATIONS OF THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNTIED STATES

24.

Paragraphs 1 thru 24 are hereby incorporated herein by reference.

25.

Defendant Allen's action of sexually assaulting the Plaintiff violated same's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.

26.

Plaintiff was an inmate with the Bartow County Jail.

27.

Defendant Allen was employed by Defendant Sheriff and had a legal duty to ensure the care and custody of the Plaintiff.

28.

Defendant Allen used his authority as a deputy sheriff to sexually assault the Plaintiff numerous times between May 6, 2022, and August 31, 2022.

29.

As a result of the illegal actions of Defendant Allen, Plaintiff suffered numerous physical and emotional injuries causing the plaintiff pain and suffering, and medical expenses.

30.

The conduct and action of Defendant Allen, acting under color of state law, sexually assaulting the Plaintiff, was done intentionally, maliciously, and with

deliberate indifference to the rights of the Plaintiff, and was designed to and did cause physical injury, pain and suffering in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Eighth and Fourteenth amendments to the United States Constitution.

31.

The breach of the duties articulated above was a proximate cause of the injuries and constitutional deprivations set forth in above.

## COUNT TWO- UNITED STATES CONSTITUTIONAL VIOLATIONS BY DEFENDANT SHERIFF

32.

Paragraphs 1 thru 32 are hereby incorporated herein by reference.

33.

At all times material to this complaint, the Defendant Sheriff, had in effect *defacto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the Defendant Allen.

34.

On information and belief, the Defendant Sheriff failed to establish guidelines for, and/or train, supervise or educate its employees, including the Defendant Allen about correct practices and police procedures in the use of force, thereby permitting

the Defendants to be in a position to violate the Plaintiff's federal and state constitutional and statutory rights.

35.

On information and belief, the Defendant Sheriff failed to effectively screen, hire, train, supervise, and discipline its employees, including Defendant Allen, for their propensity for violence, thereby permitting Defendant Allen to be in a position to violate the Plaintiff's federal and state constitutional and statutory rights.

36.

The Defendant Sheriff being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline, leads to improper conduct by its employees, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

37.

On information and belief, the Defendant Sheriff failed to put into place and maintain a structure for risk containment and stress management relative to its employee police officers. Said structure was deficient, at the time of pre-selection and selection, to (a) evaluate and exchange information within the command structure about the performance of individual police officers; (b) train supervisory personnel to effectively and adequately evaluate the performance of an employee;

9

and (c) otherwise put the command structure on notice that an individual or individuals were a significant risk to the public at large. The net effect of this was to permit employees of the Bartow County Sheriff's Office to function at levels of significant and substantial risk to the public at large.

38.

As a result of a conscious policy, practice, custom or usage, Defendant Sheriff has permitted and allowed for the employment and retention of individuals as Deputy Sheriff whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of abusive or otherwise illegal and offensive behavior. Such policy, practice, custom and usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the Plaintiff.

39.

The conduct of Defendant Sheriff was the direct and proximate cause of bodily and psychological harm, pain and suffering in violation of the Plaintiff's rights as guaranteed by 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

40.

As a direct and proximate result of the defendants' wrongful policies, practices, customs and usage's complained of herein, the Plaintiff has suffered

physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, and medical expenses.

## COUNT THREE – PENDANT CLAIMS UNDER GEORGIA CONSTITUION

41.

Paragraphs 1 thru 41 are hereby incorporated herein by reference.

42.

In addition to violating the federal constitutional right set forth in Count One, the aforementioned acts and omissions of Defendant Allen in sexually assaulting the Plaintiff constitute cruel and unusual punishment inflicted, abusing a person while in prison in violation of Art. 1. §1, ¶17 of the Constitution of the State of Georgia

43.

The aforementioned violations of the Georgia Constitution amount to breaches of public duty by Defendant Allen for which he is individually liable under Georgia law.

## COUNT FOUR – SEXUAL ASSAULT

44.

Paragraphs 1 thru 44 are hereby incorporated herein by reference.

45.

In addition to violating the federal and state constitutional rights set forth in Counts One, Two and Three, the aforementioned acts of Defendant Allen, a jailer,

sexually assaulting the Plaintiff who was an inmate is the crime of improper sexual contact by employee or agent in violation of O.C.G.A. § 16-6-5.1 (c) (3), for which Defendant Allen is individually liable.

## DAMAGES

46.

Paragraphs 1 thru 46 are hereby incorporated herein by reference.

47.

As a direct and proximate result of the above described conduct of the Defendants, Plaintiff received personal injuries, physical pain and suffering, severe mental pain and suffering including but not limited to embarrassment, public humiliation, and fear for his wellbeing which is all expected to continue into the future, and was forced to incur special damages including but not limited to lost income and medical bills, for all of which the Defendants are liable to the Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

48.

Defendants are liable for the aforementioned damages under 42 U.S.C. §§ 1983 and 1988, and Defendants are not entitled to qualified immunity under federal law.

49.

Defendant Allen is individually liable for the aforementioned damages with respect to the pendant state law claims, and they are not entitled to official immunity under Georgia law because they acted with specific intent to do wrong and to cause harm to the Plaintiff.

50.

The aforementioned misconduct of Defendants arose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorize the imposition of punitive damages against him to the extent permitted by federal and state law.

51.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation with respect to the federal civil rights claims pursuant to 28 U.S.C. §1988.

52.

Alternatively, Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation with respect to the pendant state law claims pursuant to O.C.G.A. §13-6-11 because the Defendants acted in bad faith.

**WHEREFORE**, Plaintiff demands the following:

a)    That this action be tried by a jury;

b)    That judgment be entered in favor of the Plaintiff

and against the Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c)   That the Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

d)   That all costs of this action be taxed against the Defendants; and,

e)   That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted,

 /s/ Richard N. Blevins, Jr.
RICHARD N. BLEVINS, JR.
Ga. Bar No. 063361
SOO J. HONG
Ga. Bar No. 129608
Attorneys for Plaintiff

BLEVINS & HONG, P.C.
191 Roswell Street
Marietta, Georgia 30060
Tel. (678) 354-2290
Fax (678) 354-3443
Richard@cobbcountylaw.com

14

/s/ Adam H. Miller, II
ADAM H. MILLER, II
Ga. Bar No. 600667
Attorney for Plaintiff

MILLER LAW PRACTICE, LLC
191 Roswell Street
Marietta, Georgia 30060
Tel. (404) 369-0048
adam@millerlawpractice.com

## TYPE LIMITATIONS CERTIFICATION

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that

PLAINTIFF'S COMPLAINT has been prepared in Times New Roman (14 point),

as required by Local Rule 5.lB.

<div style="margin-left: 40%;">

/s/ Richard N. Blevins, Jr.
RICHARD N. BLEVINS, JR.
Ga. Bar No. 063361
Attorney for Plaintiff

</div>

BLEVINS & HONG, P.C.
191 Roswell Street
Marietta, Georgia 30060
Tel. (678) 354-2290
Fax (678) 354-3443
Richard@cobbcountylaw.com

16